UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.:

SEQUIOLA MINCEY,

    Plaintiff,

v.

"B"ING THE BEST, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SEQUIOLA MINCEY ("Ms. Mincey" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), and for pregnancy discrimination and retaliation in violation of Title VII/the Pregnancy Discrimination Act ("PDA") and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat., and is seeking recovery from "B"ING THE BEST, INC. ("BTB" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## JURISDICTION

1.    Jurisdiction in this Court is proper as the claims arise under federal law pursuant to Title VII and the PDA as to the federal claims; furthermore, this court has supplemental jurisdiction over the FCRA claims, as they arise out of a continuing series of illegal activities committed by Defendant and involving Plaintiff's employment, and because they arise out of the same operative facts and circumstances as her FMLA/ADA claims.

2.    The actions giving rise to this lawsuit occurred in Martin County, Florida.

## CONDITIONS PRECEDENT

3. Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on or about June 11, 2020.

4. Plaintiff received her Right to Sue letter from the EEOC on October 10, 2020, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of same.

5. More than 180 days have passed since the filing of the Charge of Discrimination.

6. Plaintiff timely files this action within the applicable period of limitations against Defendant.

7. Plaintiff has satisfied all administrative prerequisites and all conditions precedent to this action have been satisfied and/or waived.

## VENUE

8. Venue is proper because Defendant conducts substantial business in Martin County, Florida, and Plaintiff worked for Defendant in Martin County, Florida, where the actions at issue took place.

## PARTIES

9. During all times relevant, Plaintiff lived in Martin County, Florida.

10. Plaintiff is protected by the PDA because:

    a. She was a pregnant female who suffered discrimination because of her pregnancy by Defendant; and

    b. She suffered an adverse employment action based on her pregnancy, including being fired because of discrimination and retaliation by Defendant regarding her pregnancy.

11. Defendant was at all material times an "employer" as defined by the PDA as it employed in excess of fifteen (15) employees.

12. Defendant is a Florida Profit Corporation located in Lake Park, Palm Beach County, Florida, that operates fast food restaurants in, among other places, Martin County, Florida.

13. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

14. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

15. Plaintiff worked for Defendant as a Crew Trainer in one of its Stuart, Florida, McDonald's restaurant locations from April 25, 2017, until her constructive discharge on August 17, 2019.

16. In June of 2019, Ms. Mincey informed her BTB supervisors that she was pregnant and was expecting her baby in early- to mid-September of 2019.

17. At that time, Ms. Mincey attempted to engage her supervisors at BTB in a conversation about potential reasonable accommodation for her pregnancy, but BTB was not interested in participating in any such conversation.

18. Additionally, Ms. Mincey requested FMLA forms from BTB so that she could treat and address her serious health condition according to BTB's written guidelines for FMLA leave memorialized in BTB's own handbook.

19. Ms. Mincey's request for FMLA forms was protected activity under the statute.

20. Over the next two (2) months, Ms. Mincey repeated her request for reasonable accommodations and for FMLA forms to her BTB managers and supervisors on multiple occasions, explaining that she may need intermittent leave prior to delivering her child to address complications of her serious health condition, and may need a period of continuous leave to deliver the child and recover from the delivery, but was never provided forms by BTB.

21. BTB refused to offer reasonable accommodation to Plaintiff, and, further, BTB declined to even engage in an interactive process or dialogue with Plaintiff about reasonable accommodation which was needed for her pregnancy and provided no explanation for Defendant's denial of Plaintiff's request for reasonable accommodation.

22. Also, BTB's refusal to provide Ms. Mincey FMLA forms constituted unlawful interference in violation of the FMLA.

23. Instead of providing Ms. Mincey the FMLA forms that she had repeatedly requested, BTB's managers and supervisors told Ms. Mincey in late July of 2019 that BTB was willing to provide Ms. Mincey no more than eight (8) weeks of leave in order to deliver her baby, bond with the baby, and recover from the delivery.

24. Ms. Mincey promptly objected to BTB that its actions in offering fewer weeks of unpaid leave than she was entitled to under the FMLA violated the FMLA, and rightly added, "don't put it in the handbook and offer it unless it's really available to employees."

25. Ms. Mincey's also objected to BTB's refusal to provide reasonable accommodations via proper FMLA leave.

26. BTB provided no cogent response to Ms. Mincey's objections, and refused to budge on its unreasonable strictures.

27. On August 3, 2019, despite her repeated requests for a reasonable amount of leave, via the FMLA otherwise, and for other accommodations for her pregnancy and upcoming delivery, BTB simply refused to comply with the FMLA by providing the requested forms or providing the statutory amount of leave.

28. As a result, Ms. Mincey regretfully submitted her two (2) weeks' notice to BTB, informing BTB that she would resign from her employment effective August 17, 2019, because she was bloated, experiencing pain, and required bed rest.

29. Ms. Mincey submitted her notice to BTB because she was out of reasonable options due to BTB's failure to comply with the FMLA and the PDA/FCRA.

30. Any reasonable person in Ms. Mincey's situation would have done the same.

31. Plaintiff's constructive discharge constitutes retaliatory and adverse employment action as defined by the FMLA, PDA, and the FCRA.

32. Plaintiff suffered sufficiently severe and pervasive treatment because of her pregnancy causing Plaintiff's constructive discharge.

33. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Mincey notifying BTB of her serious health condition, and in retaliation for Ms. Mincey requiring unpaid and requesting leave pursuant to the FMLA in order to treat and address same.

34. Defendant was well aware of Plaintiff's FMLA/PDA/FCRA-protected condition and her requests, and need, for accommodation

35. Plaintiff was treated less favorably than other employees working for Defendant who were similarly situated in all respects, but were not member(s) of Plaintiff's protected class

36. Plaintiff can demonstrate that Defendant's termination was a pretext, and a concocted way to discard her based on her pregnancy and thereby rid the workplace of a pregnant employee.

37. Plaintiff is an individual who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job as a Crew Trainer, and had indeed done so prior to, and during, her pregnancy.

38. Defendant's treatment of Plaintiff in this regard is illegal. *See Byrd v. Lakeshore Hospital*, 30 F.3d 1380, 1382 (11th Cir.1994) ("It is today a settled principle that the [pregnancy laws] are violated when pregnant employees are denied privileges afforded non-pregnant employees."); *see also Armindo v. Padlocker, Inc.*, 209 F.3d 1319, 1320 (11th Cir.2000) (an employer violates the PDA when it fires an employee based on her pregnancy.).

39. At all material times hereto, Plaintiff was ready, willing and able to perform her job duties, with or without reasonable accommodation.

40. Plaintiff was a pregnant individual during her employment and was therefore a member of a protected class as envisioned by the PDA and the FCRA.

41. Despite the availability of a reasonable accommodation under the PDA, which would not have caused Defendant an undue burden, and despite the fact that Plaintiff was not, and would not be, prevented by her pregnancy from completing her assigned job duties, Defendant

discriminated against Plaintiff based on her pregnancy and her need for occasional, but reasonable, accommodation.

42. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

43. Any reason provided by Defendant for its actions is pretext.

44. The timing of Plaintiff's termination, which was in temporal proximity to her objections to pregnancy discrimination and FMLA interference, demonstrates the causal and temporal connection between her protected FMLA/PDA/FCRA activity and the illegal actions taken against her by Defendant.

45. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

46. As a result of this illegal conduct, Plaintiff has suffered damages including loss of employment, wages, benefits, and other remuneration to which she is entitled.

47. Defendant did not have a good faith basis for its actions.

48. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

49. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 7 through 9, 12 through 16, 18 through 20, 22 through 36, 39, and 42 through 48, above, as if fully set forth herein.

50. At all times relevant hereto, Plaintiff was protected by the FMLA.

51. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

52. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to provide Plaintiff FMLA forms upon repeated request, and by refusing to allow Plaintiff to exercise her rights to utilize FMLA leave to which she was entitled.

53. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

54. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, immediate reinstatement into her position/injunctive relief, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

55. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 7 through 9, 12 through 16, 18 through 20, 22 through 36, 39, and 42 through 48, above, as if fully set forth herein.

56. At all times relevant hereto, Plaintiff was protected by the FMLA.

57. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

58. At all times relevant hereto, Defendant retaliated against Plaintiff by discharging her for requesting FMLA forms and FMLA leave and for attempting to utilize what should have been FMLA-protected leave, and for her request for FMLA leave.

59. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

60. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

61. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, immediate reinstatement into her position/injunctive relief, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III- PREGNANCY DISCRIMINATION IN VIOLATION OF THE PDA

62. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 12, 15 through 17, 20 through 21, 23, 25 through 32, 34 through 44, and 46 through 48, above, as if fully set forth herein.

63. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against pregnancy discrimination under Title VII and the PDA.

64. The discrimination to which Plaintiff was subjected was based solely on her pregnancy.

65. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

66. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

67. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII and the PDA.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT IV- PREGNANCY DISCRIMINATION IN VIOLATION OF THE FCRA

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 12, 15 through 17, 20 through 21, 23, 25 through 32, 24 through 44, and 46 through 48 above, as if fully set forth herein.

69. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against pregnancy discrimination under the FCRA.

70. The discrimination to which Plaintiff was subjected was based solely on her pregnancy.

71. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

72. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

73. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional

distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT V- PREGNANCY RETALIATION
## IN VIOLATION OF THE PDA

74. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 12, 15 through 17, 20 through 21, 23, 25 through 32, 24 through 44, and 46 through 48 above, as if fully set forth herein.

75. Plaintiff was discharged within close temporal proximity of her objection to Defendant that she felt she was being discriminated against based on her pregnancy in light of Defendant's refusal to accommodate her.

76. Plaintiff's objections constituted protected activity under the PDA.

77. Plaintiff was discharged as a direct result of her objections to what she reasonably believed to be pregnancy discrimination.

78. Plaintiff's objections to Defendant's illegal conduct, and her discharge, are causally related.

79. Defendant's stated reasons for Plaintiff's discharge are a pretext.

80. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

81. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

82. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the PDA.

83. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT VI- PREGNANCY RETALIATION IN VIOLATION OF THE FCRA

84. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 12, 15 through 17, 20 through 21, 23, 25 through 32, 24 through 44, and 46 through 48 above, as if fully set forth herein.

85. Plaintiff was discharged within close temporal proximity of her objection to Defendant that she felt she was being discriminated against based on her pregnancy in light of Defendant's refusal to accommodate her.

86. Plaintiff's objections constituted protected activity under the FCRA.

87. Plaintiff was discharged as a direct result of her objections to what she reasonably believed to be pregnancy discrimination.

88. Plaintiff's objections to Defendant's illegal conduct, and her discharge, are causally related.

89. Defendant's stated reasons for Plaintiff's discharge are a pretext.

90. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary

losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

91. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

92. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

93. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 29th day of December, 2020.

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**
*Attorneys for Plaintiff*